UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-22832-ALTMAN/Sanchez

**CODY GABRIEL**,

 *Plaintiff*,

v.

**SEMINOLE HARD ROCK HOTEL AND CASINO**, *et al.*,

 *Defendants.*

_____/

**ORDER DENYING MOTION FOR LEAVE TO
PROCEED <u>IN FORMA PAUPERIS</u>**

 Our Plaintiff, Cody Gabriel, has filed a Motion for Leave to Proceed *in Forma Pauperis* (the "IFP Motion") [ECF No. 3] in his lawsuit against twenty-two South Florida hotels, resorts, and condominiums. Because the Complaint [ECF No. 1-1] is an impermissible shotgun pleading, we **DENY** the Plaintiff's IFP Motion and **DISMISS** the Complaint **without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff will have **30 days** to file an amended complaint and a new IFP motion. **<u>This will be his last chance</u>**.

THE LAW

 A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Our Plaintiff, a Florida resident, has sued twenty-two South Florida hotels, resorts, and condominiums. *See* Complaint at 1 ("These actions have created a hostile work environment that has impacted my well-being and my ability to perform my job effectively."). According to the Plaintiff—who has a criminal record—the Defendants have violated 5 U.S.C. §§ 9201–03 by conducting allegedly impermissible "criminal history inquiries" and subsequently "fail[ing] to hire [him]."[1] *Id.* ¶ 7; *see also id.*

---

[1] Title 5, Chapter 92 of the United States Code, known as the "Fair Chance to Compete for Jobs Act of 2019 (the Fair Chance Act) [or the Federal 'Ban the Box' law], . . . prohibits *federal agencies* and *federal contractors* from requesting criminal background information from job applicants prior to extending an offer[.]" *Williams v. N.E. Oh. Educ. Serv. Ctr.*, 2021 WL 2227746, at *1 (N.D. Oh. June 2, 2021)

2

at 25 (listing the Plaintiff's arrest history). As redress, the Plaintiff seeks compensatory damages, punitive damages, and injunctive relief. *See id.* ¶¶ 23, 25.

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A shotgun pleading is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023) (Altman, J.) (cleaned up). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). *Two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets,

---

(emphasis added); *see also Shook v. United States*, 2021 WL 4847384, at *23 (D.N.M. Oct. 18, 2021) ("The Fair Chance Act . . . has a primary purpose of prohibiting *Federal agencies* and *Federal contractors* from requesting that an applicant for employment disclose criminal history record information before the applicant has received a conditional offer, and for other purposes." (cleaned up & emphasis added)). If the Plaintiff files an amended complaint, he may want to think about what exactly he's alleging, since the twenty-two Defendants are *not* federal agencies or contractors.

and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up)).

The Complaint falls into *Embree*'s second and fourth categories of shotgun pleadings. Starting with *Embree*'s second category of shotgun pleadings, the Complaint is "replete with conclusory, vague, and *immaterial* facts *not obviously connected to any particular cause of action*." *Embree*, 779 F. App'x at 662 (emphasis added). For example, the Complaint includes three pages of a "heartbreaking tale . . . showcasing the devastating consequences of losing a brother," among other things. *See* Complaint ¶¶ 31–38. The Plaintiff describes his brother as "a caring and compassionate soul," who "expressed deep concern for [the Plaintiff's] well-being," and "urged [the Plaintiff] to come live in Indiana to ensure his safety and stability." *Id.* ¶ 32. The Plaintiff then goes on to recount having "faced humiliation and derogatory remarks from his own aunt, uncles, [and] brothers' friends." *Id.* ¶ 34. While this is indeed a sad story, we're not sure what any of this has to do with the Defendants' allegedly unlawful hiring decision.

The Complaint also meets the fourth definition of a shotgun pleading. The Plaintiff, after all, has "assert[ed] multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree*, 779 F. App'x at 662. This pleading deficiency applies to the *entirety* of the Complaint, as the Plaintiff has alleged that *all* twenty-two Defendants have violated the Fair Chance Act—without identifying *any* Defendant by name in any of the Complaint's factual allegations. *See, e.g.*, Complaint ¶¶ 8–19 ("*Employer* asked about or considered [his] conviction history before a conditional job offer was made[,] . . . considered, distributed, or disseminated information[,] . . . did not provide [him] a notice of the conviction(s) that disqualified him from employment[,] . . . did not consider [his] response to the preliminary disqualification decision." (emphasis added)). We have no idea, in short, *who* did *what* (and, critically, neither do the Defendants).

Because it's our "duty" to "ensure[ ] that the issues get defined at the earliest stages of the litigation," we must "strike the complaint and instruct [the Plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). *See also Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at *3 (11th Cir. Oct. 7, 2021) ("When a plaintiff files a shotgun pleading, a district court must give him *one chance* to replead before dismissing his case with prejudice on shotgun pleading grounds." (emphasis added)). Accordingly, the Plaintiff must refile his claims with "numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b), and separate each cause of action into different counts. Along the way, the Plaintiff must (1) explain how he's been injured (and by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of a viable cause of action, supporting each element with specific factual allegations. If the Plaintiff files an amended complaint that fails to satisfy these requirements, we will dismiss the amended complaint *without leave to amend*.

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Motion for Leave to Proceed *in Forma Pauperis* is **DENIED**.
2. The Complaint [ECF No. 1-1] is **DISMISSED without prejudice**.
3. The Plaintiff may file an **amended complaint** by **August 29, 2024**. That amended complaint must comply with our Local Rules, the Federal Rules of Civil Procedure, and this Order. **This will be the Plaintiff's final opportunity to state a claim, and we will not accept any filings *after* August 29, 2024.**
4. By that same date, the Plaintiff must file a renewed motion for leave to proceed *in forma pauperis* that is completely and accurately filled out.

5. The Clerk of Court is directed to **CLOSE** this case for administrative purposes pending the Plaintiff's filing of an amended complaint.

**DONE AND ORDERED** in the Southern District of Florida on July 29, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Cody Gabriel, *pro se*