UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-22832-ALTMAN/Sanchez

**CODY GABRIEL**,

    *Plaintiff*,

*v.*

**SEMINOLE HARD ROCK HOTEL
AND CASINO**, *et al.*,

    *Defendants.*
_____/

**ORDER DENYING SECOND MOTION FOR LEAVE TO PROCEED
<u>IN FORMA PAUPERIS</u> AND DISMISSING AMENDED COMPLAINT**

Our Plaintiff, Cody Gabriel, sued twenty-two hotels, resorts, and condominiums on July 24, 2024, for alleged violations of the Fair Chance Act. *See* Initial Complaint [ECF No. 1-1]. We dismissed that Complaint without prejudice—and denied the accompanying Motion to Proceed *in Forma Pauperis* [ECF No. 3]—because the Complaint was plainly a shotgun pleading, *see* July 29, 2024 Order [ECF No. 6]. In doing so, we warned the Plaintiff that he would have one "**<u>final opportunity to state a claim</u>**" and gave him thirty days to do so. *See id.* at 5.

The Plaintiff has now filed his Amended Complaint [ECF No. 9] against the same twenty-two Defendants, as well as a Second Motion for Leave to Proceed *in Forma Pauperis* (the "Second IFP Motion") [ECF No. 10]. Because the Plaintiff has still failed to state a claim—and because any further amendment would be futile—we **DENY** this Second IFP Motion and **DISMISS** the Amended Complaint **without leave to amend** under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

**THE LAW**

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases

and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

In his Amended Complaint, the Plaintiff—a Florida resident—has sued twenty-two South Florida hotels, resorts, and condominiums for having allegedly "created a hostile work environment that has impacted my well-being and my ability to perform my job effectively." Amended Complaint ¶ 1 According to the Plaintiff—who has a criminal record—the Defendants violated the provisions

2

of 5 U.S.C. §§ 9201–03 (the "Fair Chance Act") by conducting allegedly impermissible "criminal history inquiries" and subsequently "fail[ing] to hire [him]." Amended Complaint ¶ 7. As redress, the Plaintiff seeks compensatory damages, punitive damages, and injunctive relief. *See id.* at 60. The Amended Complaint fails to state a plausible claim for two reasons. *First*, it is again a shotgun pleading. *Second*, as we've told the Plaintiff once before, he cannot sue *private* employers under the *federal* Fair Chance Act.

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A shotgun pleading is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023) (Altman, J.) (cleaned up). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

All shotgun pleadings share two characteristics. *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). *Two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery,

wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up)).

The Amended Complaint falls into *Embree*'s second and third categories of shotgun pleadings. Starting with *Embree*'s second category, the Amended Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Embree*, 779 F. App'x at 662. For example, the Amended Complaint—which is sixty-five pages long (not including exhibits)—is riddled with scores of irrelevant details about the Plaintiff's various job interviews. *See, e.g.*, Amended Complaint ¶ 2 ("As I arrived at the hotel, I was greeted by Matthew Feliciano himself, the General Manager of Pool Operations. he led me to a cozy office where the interview was set to take place."); *id.* ¶ 14 ("As the meeting drew to a close, Juan reassured me that we would keep in touch regarding the gaming application, hinting at potential future opportunities within the organization. With a mix of excitement and curiosity, I left the restaurant that day, eager to see where this new path would lead me within Seminole Hard Rock Hotel and Casino."); *id.* ¶ 85 ("[T]he lack of responsiveness and accountability displayed by Turnberry Ocean Colony when I attempted to contact them to address the situation is unacceptable. Job applicants like me deserve to be treated with respect and given the opportunity to clarify any misunderstandings or issues that may have arisen during the recruitment process. The dismissive attitude and lack of communication displayed by Turnberry Ocean Colony towards me only serve to highlight their unprofessionalism and disregard for potential employees' concerns and experiences.").

The Amended Complaint also includes dozens of conclusory statements. *See, e.g.*, *id.* ¶ 34 ("The treatment I had received was not just unfair, it was a violation of my rights."); *id.* ¶ 92 ("[I]t is evident that Grand Beach Hotel's decision to reject me for the pool attendant position based solely on his criminal history is unjust."); *id.* ¶ 132 ("The defendant's failure to respond to my repeated job applications . . . constitutes a clear violation of professional courtesy, transparency, and fair hiring

4

practices."). This is precisely the sort of "cumbersome" and "confusing complaint" the Federal Rules prohibit. *Kreiter v. Ocwen Loan Serv., LLC*, 2022 WL 225884, at *1 (S.D. Fla. Jan. 26, 2022) (Singhal, J.) (cleaned up).

The Amended Complaint also falls into the third category of shotgun pleadings because the Plaintiff has "fail[ed] to separate into a different count each cause of action." *Embree*, 779 F. App'x at 662. The Plaintiff, in fact, hasn't set out a *single* count in the Amended Complaint, even as he's produced a sprawling, repetitive narrative describing—in painstaking detail—his interactions with all twenty-two Defendants. And, while he makes passing references to the "Fair Chance Act" and the "Ban the Box ordinance" here and there, *see* Amended Complaint ¶¶ 1, 7, 8–19, 34, his allegations against *many* of the Defendants are entirely untethered from these legal theories, *see, e.g.*, *id.* ¶¶ 42–48 (alleging no wrongdoing against Defendant Marquis Management); *id.* ¶¶ 63–68 (alleging no wrongdoing against Defendant SLS South Beach Hotel); *id.* ¶¶ 76–81 (alleging no wrongdoing against Defendant JW Marriott Turnberry Spa and Resort). These Defendants thus have no "notice of the claims against them." *Dorman*, 2020 WL 2078527, at *1 (quoting *Weiland*, 792 F.3d at 1323).

But the Amended Complaint's deficient form is the least of its problems. As we've indicated, the whole Amended Complaint is based on a cause of action—alleged "violations of the Fair Chance Act," Amended Complaint at 4—that just doesn't apply to our Defendants. By its own terms, in fact, the Fair Chance Act only governs *federal-government* employers. Our Defendants, however, are all *private* employers. We've already warned the Plaintiff about this once before:

> Title 5, Chapter 92 of the United States Code, known as the "Fair Chance to Compete for Jobs Act of 2019 (the Fair Chance Act) [or the Federal 'Ban the Box' law], . . . prohibits *federal agencies* and *federal contractors* from requesting criminal background information from job applicants prior to extending an offer[.]" *Williams v. N.E. Oh. Educ. Serv. Ctr.*, 2021 WL 2227746, at *1 (N.D. Oh. June 2, 2021) (emphasis added); *see also Shook v. United States*, 2021 WL 4847384, at *23 (D.N.M. Oct. 18, 2021) ("The Fair Chance Act . . . has a primary purpose of prohibiting *Federal agencies* and *Federal contractors* from requesting that an applicant for employment disclose criminal history record information before the applicant has received a conditional offer, and for other purposes." (cleaned up & emphasis added)). If the Plaintiff files an amended

5

> complaint, he may want to think long and hard about what exactly he's alleging; the
> 22 Defendants, after all, are *not* federal agencies or contractors.

July 6, 2024 Order [ECF No. 6] at 2 n.1. Despite this unambiguous warning, the Plaintiff has advanced the same frivolous legal theory in his Amended Complaint—without any material alteration we can discern.

\* \* \*

Because we've already given the Plaintiff one chance to replead his case, instructed him on how to do so, and explicitly warned him that this would be his "**final opportunity to state a claim**," July 6, 2024 Order at 4–5, we now dismiss the Amended Complaint *without leave to amend*, *see Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at \*3 (11th Cir. Oct. 7, 2021) ("When a plaintiff files a shotgun pleading, a district court must give him *one chance* to replead before dismissing his case with prejudice on shotgun pleading grounds." (emphasis added)). And, given how flagrantly the Plaintiff has disregarded our clear admonition about the futility of suing private defendants under the Fair Chance Act, we think any future amendment would be futile. *See Marshall v. Aryan Unlimited Staffing Sol.*, 599 F. App'x 896, 899 (11th Cir. 2015) ("A district court, however, is not required to permit amendment if 'amendment would be futile.'" (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)); *Cave v. Stone*, 2021 WL 4427451, at \*17 (S.D. Fla. Sept. 27, 2021) (Altman, J.) (dismissing the amended complaint *without* leave to amend because "[o]ur careful review of [the plaintiff's] claims— and their many irreparable failings—leaves us with the firm impression that allowing her to amend again would be a waste of everyone's time").

We note, too, that Judge Ruiz (of our Court) recently dismissed a similar lawsuit this Plaintiff filed against some of these same Defendants. *See Gabriel v. Seminole Hard Rock Hotel & Casino Hollywood, et al.*, Case No. 24-cv-21923-RAR, Order of Dismissal [ECF No. 11] (S.D. Fla. May 22, 2024). In that case, the Plaintiff alleged that "the Defendant Hard Rock Hotel & Casino Hollywood violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et. seq.*, by failing to hire him." *Id.* at 1 (cleaned

6

up). But Judge Ruiz found that the Plaintiff "ha[d] failed to state a claim under Title VII both because (1) he admits that the adverse employment decision was made on non-protected grounds and (2) Plaintiff has not exhausted his administrative remedies with the Equal Opportunity Employment Commission." *Ibid.* (cleaned up). The Plaintiff, in short, has required two different judges of our Court to expend considerable time and resources dissecting and dismissing his frivolous complaints. "[S]hould the Plaintiff continue this pattern of vexatious filing, we will direct the Clerk of Court to refuse any further complaints from her unless accompanied by payment of a filing fee, a sworn oath indicating imminent danger of serious personal injury, or representation by an attorney admitted to the bar of this court." *Anglin v. Northpark at Scott Carver Apartments*, 2024 WL 1229069, at *3 (S.D. Fla. Mar. 22, 2024) (Altman, J.) (cleaned up).

***

After careful review, then, we **ORDER and ADJUDGE** as follows:

1. The Second Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 10] is **DENIED**.
2. The Amended Complaint [ECF No. 9] is **DISMISSED without leave to amend**.
3. This case remains **CLOSED**. Any pending deadlines or hearings are **TERMINATED**. Any pending motions—including the Motion for Referral to the Volunteer Attorney Program [ECF No 11]—are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on August 1, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Cody Gabriel, *pro se*